UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 19-241 |
| BYRON LACKINGS | SECTION "A" |

**ORDER AND REASONS**

Before the Court is Defendant Byron Lacking's **Motion to Vacate Pursuant to Title 28 U.S.C. § 2255 (Rec. Doc. 75, Rec Doc. 79)**. The Government opposes the motion. For the following reasons, the motion is denied.

**I.      Background[1]**

On December 5, 2019, Byron Lackings was indicted on six charges stemming from two armed robberies of a cell phone store. (*See* Rec. Doc. 1, Indictment). As summarized below, for each robbery, Lackings was charged with three offenses—(i) Hobbs Act robbery, (ii) brandishing a firearm, and (iii) being a felon in possession of a firearm.

**Robbery No. 1:[2]**

- Count 1: a Hobbs Act robbery (18 U.S.C. § 1951(a)) that occurred on December 13, 2018.

- Count 2: brandishing a firearm in furtherance of a crime of violence (18 U.S.C. § 924(c)(1)(A)(ii)), the crime of violence being the December 13, 2018 Hobbs Act robbery charged in Count 1.

- Count 3: possessing a firearm after being convicted of a felony (18 U.S.C. § 922(g)(1)), that possession occurring on December 13, 2018.

**Robbery No. 2:[3]**

- Count 4: a Hobbs Act robbery (18 U.S.C. 1951(a)) that occurred on December 15, 2018.

---

[1] **The background set forth in the Government's opposition is a thorough, objective, and well-supported recount of the relevant facts and procedure that underly this matter. Accordingly, the Court has largely reproduced it here.**

[2] *See* **Rec. Doc. 1.**

[3] *See* **Rec. Doc. 1.**

- Count 5: brandishing a firearm in furtherance of a crime of violence (18 U.S.C. § 924(c)(1)(A)(ii)), the crime of violence being the December 15, 2018 Hobbs Act robbery charged in Count 4.
- Count 6: possessing a firearm after being convicted of a felony (18 U.S.C. § 922(g)(1)), that possession occurring on December 15, 2018.

Each Hobbs Act robbery count stated,

> Lackings did unlawfully take and obtain personal property . . . in the presence of [the Boost Mobile employee victim(s)] against their will by means of actual and threatened force, violence, and fear of injury, immediate and future, to his person, that is, by brandishing a firearm.

(Rec. Doc. 1, at 2, 3). Each brandishing a firearm in furtherance of a crime of violence count expressly specified that the crime of violence was the crime charged in the corresponding Hobbs Act robbery count. (*Id.* at 2, 4).

Lackings pleaded guilty, pursuant to a plea agreement, to the two brandishing counts (Counts 2 and 5) on June 2, 2022. (Rec. Doc. 59, 61). The plea agreement provided that, in exchange for the guilty plea to those counts, the government would move to dismiss the indictment's other counts. (Rec. Doc. 59, at 1). As part of the plea agreement, Lackings waived "any right to . . . contest his guilty plea, conviction" and waived "any right to challenge his sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Section[] 2255 . . . ." (*Id.* at 2–3). An exception to the waiver was that Lackings "retain[ed] the right to raise a claim of ineffective assistance of counsel in an appropriate proceeding." (*Id.* at 3).

As it concerns Count 2, a signed factual basis was filed into the record as part of his guilty plea. (*See* Rec. Doc. 58). The factual basis described the December 15, 2025 robbery as follows:

> This time, Lackings robbed Victim One at gunpoint. . . . [V]ictim One said that Lackings entered the store, tossed [him/her] a white

2

>plastic bag, and demanded that Victim One "put the fucking money in the bag, bitch." Victim One opened one of the registers and placed all the money into the plastic bag as Lackings told him/her, "if you don't hurry, I'm going to shoot you in the back of the head; you're moving too fucking slow." Lackings then instructed Victim One to put the entire register drawer into the bag and to place some "nice" Bluetooth headphones in the bag. While Victim One was placing items from the second register into the bag, Lackings Struck Victim One in the back of the head with the blunt end of the firearm. . . . [I]n this robbery, Lackings took two Bluetooth headpieces and $1046.19 in cash.

*Id.* at 2.

On September 27, 2022, this Court sentenced Lackings to 84 months imprisonment as to each count, to run consecutively, for a combined term of 168 months. (Rec. Doc. 68). An amended judgment was entered on November 30, 2022, but it did not alter the term of imprisonment. (*See* Rec. Doc. 73).

## I.    Pending Motion

Lackings filed the document underlying the present motion on February 6, 2025—over two years after entry of the amended judgment. (*See* Rec. Doc. 73, Amended Judgment; Rec. Doc. 75, Mot. to Vacate). A week later, this Court noted on the record that the motion received on February 6, 2025 appeared to seek relief pursuant to 28 U.S.C. § 2255 and, out of an abundance of caution, it instructed the Clerk of Court to file the document as such a motion in order to preserve his rights. (Rec. Doc. 76). The Court noted, however, that, as filed, the motion was incomplete and ordered that Lackings submit a § 2255 form before it would consider the motion perfected. (*Id.*).

In the document filed on February 6, 2025, Lackings alleged that he received ineffective assistance of counsel due to his attorney's "inattentive actions" and failure to "properly place full-disclosure of a real notice about the true nature of each charged offense and its conduct."

(*Id.* at 1). According to Lackings, this made his guilty plea "involuntary" and "not intelligently agreed." (*Id.*).

Lackings's perfected § 2255 form was entered into the record on April 7, 2025. (*See* Rec. Doc. 79). His basis for relief is two-pronged. **First**, he alleges that ineffective assistance of counsel caused him to involuntarily plead guilty because his attorney failed to inform him "of the true nature of the offense and its elements." (*Id.* at 4). More particularly, Lackings alleges that his counsel failed to inform him that he would be pleading guilty to crimes that are "void for vagueness" and that "brandishing" does not "qualify as a crime of violence." (*Id.*). **Second**, again claiming ineffective assistance of counsel, he alleges that his counsel had a conflict of interest related to his "duty to the court interest and the public interest." (*Id.* at 5). He also reiterates his complaint that his counsel had not ensured Lackings' "understanding [of] the legal basis for the charge." (*Id.*).

The § 2255 form requires an explanation, if applicable, as to "why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar [the petitioner's] motion." (*See, e.g.*, *id.* at 12, ¶ 18). In response to this prompt, Lackings repeated many of the contentions contained in his initial filing, but did not explain the untimeliness of his motion. (*Id.*). Lackings explains elsewhere that he "did not appeal or raise [the present issues]" because he "did not know about the new change in law which now apply for me by rulings of the Supreme Court." (*Id.* at 10, ¶ 12(7); *see also id.* at 5, ¶ 12(7) (same)).

II.   **Legal Standards**

   a.  **Standards Governing § 2255 Actions**

4

There are four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence:[4] (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *See* 28 U.S.C. § 2255; *United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992), *cert. den.*, 504 U.S. 962 (1992). A motion seeking relief under Section 2255 is subject to a 1-year statute of limitations. 28 U.S.C. § 2255(f).[5]

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (citing *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981)); *see also United States v. Ressler*, 54 F.3d 257, 259 (5th Cir. 1995). "[A] collateral challenge may not do service for an appeal. After conviction and exhaustion and waiver of any right to appeal, '[the courts] are entitled to presume that the defendant stands fairly and finally convicted.'" *United States v. Shaid*, 937 F.2d 228, 231–32

---

[4] The scope of relief under § 2255 is consistent with that of the writ of habeas corpus. *See Cates*, 952 F.2d at 151; *also United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).

[5] The limitations period for Section 2255 relief runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)–(4).

5

(5th Cir. 1991), *cert. den.*, 502 U.S. 1076 (1992) (citing *United States v. Frady*, 456 U.S. 152, 164–65 (1982)).

"Even if a defendant raises a constitutional error, he may not raise an issue for the first time on collateral review without showing both cause for his procedural default and actual prejudice resulting from the error." *United States v. Mimms*, 43 F.3d 217, 219 (5th Cir. 1995). Absent exceptional circumstances, establishment of ineffective assistance of counsel satisfies cause and prejudice. *See United States v. Acklen*, 47 F.3d 739, 742 (5th Cir. 1995).

### b. Ineffective Assistance of Counsel

To establish that legal representation at trial fell short of the assistance guaranteed by the Sixth Amendment, a convicted defendant must meet the two-pronged test set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The defendant must show that his counsel's performance was both deficient (*i.e.*, that counsel did not provide reasonably effective assistance under prevailing professional norms) and prejudicial (*i.e.*, that errors by counsel "actually had an adverse effect on the defense"). *Anderson v. Collins*, 18 F.3d 1208, 1215 (5th Cir. 1994) (citing *Strickland*, 466 U.S. at 686–89, 693). The former component of the test authorizes only "highly deferential" judicial scrutiny, requiring the defendant to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *See id.* On the latter component, it is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding; rather, he must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See id.* (citing *Strickland*, 466 U.S. at 693).

A court considering a claim of ineffective assistance must apply a strong presumption that counsel's representation was within the wide range of reasonable professional assistance. *See Harrington v. Richter*, 562 U.S. 86, 104 (2011) (citing *Strickland*, 466 U.S. at 689). The

6

challenger's burden is to show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. *Id.*

In *Hill v. Lockhart*, the Supreme Court applied the *Strickland* test to cases involving guilty pleas. 474 U.S. 52 (1985). The Court held that, in a guilty plea scenario, the defendant must prove that his attorney actually erred, satisfying the first part of the *Strickland* test; but also must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59; *see also Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994).

**I.   Discussion**

Having considered Lackings' motion and the Government's response thereto, the Court concludes that his motion should be denied for two reasons.

***First***, the motion is untimely. The statute of limitations imposed by 28 U.S.C § 2255(f) is one year. The limitations period in this case began, at the latest, 14 days after entry of the amended judgment.[6] *See* 28 U.S.C. § 2255(f)(1); *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008); Fed. R. App. P. 4(b)(1)(A) (explaining that, under circumstances like those that present themselves here, a defendant's notice of appeal must be filed in the district court within 14 days after the entry of judgment). The amended judgment was entered in this matter on November 30, 2022 (Rec. Doc. 73); accordingly, the limitations period expired on Wednesday, December 14, 2023—over a year before the present motion was filed.

---

[6] Lackings argues that two Supreme Court decisions published a year or more *before* the amended judgment was entered serve as the basis for his relief in this matter—*United States v. Davis*, 588 U.S. 445 (2019) and *Borden v. United States*, 593 U.S. 420 (2021). The statute governing Section 2255 claims notes that the limitations period starts from the "latest" of certain dates. 28 U.S.C. § 2255(f). Accordingly, it would be both procedurally improper and prejudicial to Lackings to use the date of the cases he contends serve as the basis for the relief he seeks.

The Court further notes that the aforementioned cases were clearly decided before his guilty plea, contrary to his contention that a change in law occurred after his plea.

*Second*, a basis for equitable tolling of the limitations period does not exist. Because Lackings proceeds *pro se*, the Court is liberally construing his motion to assert an equitable tolling argument on the basis of attorney error or neglect. The Fifth Circuit has explained that equitable tolling is permitted only "in rare and exceptional circumstances." *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). Such "rare and exceptional circumstances" do not occur by "mere attorney error or neglect," *id.* (quoting *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002)); and even if an attorney intentionally deceived a petitioner, it would still not suffice unless the petitioner could establish that he reasonably relied on his attorney's deceptive misrepresentations. *Id.* (citing *United States v. Wynn*, 292 F.3d 226, 230–31 (5th Cir. 2002)).[7]

The record contains no evidence that Lackings' counsel intentionally deceived him. And as the Fifth Circuit explained in *Cousin v. Lensing*, a prisoner has no right to counsel during post-conviction proceedings. 310 F.3d at 849. Finally, "a petitioner's *own* ignorance or mistake does not warrant equitable tolling . . . ." *Riggs*, 314 F.3d at 799.

Accordingly;

**IT IS ORDERED** that Defendant Byron Lacking's **Motion to Vacate Pursuant to Title 28 U.S.C. § 2255 (Rec. Doc. 75, Rec Doc. 79)**. is **DENIED**.

August 12, 2025

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[7] Because Lackings' motion is time-barred, the Court need not address his claims for ineffective assistance of counsel. Despite this, it notes that, in accordance with the Supreme Court's ruling in *Hill v. Lockhart*, 474 U.S. 52 (1985), Lackings must (i) prove that his attorney actually erred, and (ii) show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59; *see also Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994). The present motion does not make either showing.